UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>          Plaintiff,<br><br>     v.<br><br>MARCI BUTTRAM, et al.,<br><br>          Defendants. | No.  2:14-CV-00582 KJM AC PS<br><br><br><br>ORDER |

On September 15, 2014, the court ordered defendants Marci Buttram, John Crossland and Clyde Billot ("defendants") to reimburse the United States Marshals Service ("USM") for personal service of process under Rule 4(d)(2) of the Federal Rules of Civil Procedure because they failed to waive service, unless they filed written statements showing good cause for their failure to waive.  ECF No. 11.  On October 6, 2014, defendants filed nearly identical written statements explaining their failure to waive service.  ECF Nos. 15–17.

Federal Rule of Civil Procedure 4(d)(1) imposes a duty on defendants "to avoid unnecessary expenses of serving the summons."  Rule 4(d)(2) requires that the court tax costs of service of process on any defendant who fails to show good cause for failing to sign and return a timely waiver of service.  Fed. R. Civ. P. 4(d)(2).  The Advisory Committee notes to Rule 4(d) provide two examples of when good cause can be established: when a defendant does not receive the request, or when a defendant is insufficiently literate in English to understand it.  Fed. R. Civ.

1

P. 4(d) Advisory Committee's Note (1993 Amendments).

In their responses to the court's order to show cause, defendants state that when they learned that plaintiff initiated this action in February, they understood all disputes would be subject to an arbitration provision in a settlement agreement entered into in a Siskiyou County Superior Court action, and that plaintiff's instant action therefore would be dismissed. See ECF No. 15 at 3. Defendants explain they "believed that this action had been made moot by reason of the orders of the Superior Court, County of Siskiyou, in case number SC SC CV CV 13-1005, enforcing a previous settlement agreement." Id. at 1.[1] Defendants do not dispute that they received the waiver form by mail. Rather, they explain that when they "heard that Harrell had filed this federal court case on February 28th, [they] understood that all disputes with Olson and Harrell . . . would be subject to the arbitration provision . . . [and] that is why [they] did not respond to, or file any papers with, this court." Id. at 3.

A belief that an action is unfounded does not constitute good cause for failing to return the waivers. The Advisory Committee Notes to the 1993 Amendments enacting Rule 4(d) clearly state that "it is not a good cause for failure to waive service that the claim is unjust . . . ." Fed. R. Civ. P. 4(d) Advisory Committee's Note (1993 Amendments); accord Double "S" Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251, 253 (D. Minn. 1997) ("the commentary to Rule 4(d) makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case"); Estrella v. P.R. Painting Corp., No. CV 06–0717(ADS)(AKT), 2006 WL 3359485, at * 2 (E.D.N.Y. Nov. 20, 2006) ("A belief as to the merits of the underlying action however, such as whether the complaint is unjust or unfounded, is not 'good cause' sufficient to excuse failure to execute a waiver request."); see also Fed. R. Civ. P. 4(d) Advisory Committee's Note (1993 Amendments) (a finding of "sufficient cause should be rare"). The court will not deny the USM reimbursement on the grounds that defendants believed

---

[1] According to defendants, their neighbor, Kimberly Olson, filed suit against them in state court and plaintiff was somehow involved with the dispute, which ultimately settled. Id. at 2. Defendants state that a judge in a recent 2013 Siskiyou County Superior Court action initiated by Olson ordered the matters to be resolved through binding arbitration "on January 9, 2014, and again, after a re-hearing, on July 1st, and August 25th . . . ." Id. at 2–3.

this action would be dismissed in light of related state court proceedings.  Defendants could have easily avoided the costs of personal service if they had returned the waivers of service.

However, the court will not award duplicative mileage fees for each defendant.  The USM's returns indicate a service fee of $260.00 for each defendant plus additional mileage charges in the amount of $101.18.  ECF No. 9.  Considering the USM served all defendants personally on the same day, the mileage charge will be divided among each defendant, resulting in a mileage charge of $33.72 each.  Accordingly, each defendant will be ordered to pay the USM the total amount of $293.72.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 15, 2015 order to show cause, ECF No. 11, is discharged;

2. Within 14 days from the date of service of this order, defendant Marci Buttram shall pay to the United States Marshal the sum of $293.72 for effecting personal service on defendant;

3. Within 14 days from the date of service of this order, defendant John Crossland shall pay to the United States Marshal the sum of $293.72 for effecting personal service on defendant;

4. Within 14 days from the date of service of this order, defendant Clyde Billot shall pay to the United States Marshal the sum of $293.72 for effecting personal service on defendant;

5. The Clerk of the Court shall serve a copy of this order on defendants Marci Buttram, John Crossland and Clyde Billot using the last known address: 414 Henley Hornbrook Road, Hornbrook, CA 96044; and

6. The Clerk of the court shall serve a copy of this order on the U.S. Marshal.

DATED: October 23, 2014

*allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE